# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

**PETER C. ANDRESEN**,                    *

           Appellant,                    *

v.                                                    *                    Civil No. PJM 05-3164

**GARY A. ROSEN,** *et. al.*,                    *

           Appellee.                    *

## <u>MEMORANDUM OPINION</u>

On October 28, 2005, Appellant-Debtor Peter Andresen filed a timely Notice of Appeal from five separate orders in two cases, a bankruptcy case and a related adversary case.[1]  On November 7, 2005, without leave of Court, he filed a First Amended Notice of Appeal with respect to a sixth order related to the bankruptcy case.[2]  Appellee-Trustee Gary A. Rosen has filed a Motion to Dismiss the appeal based on Andresen's failure to file a brief as required by the Bankruptcy Rules.  The Court will GRANT the Motion to Dismiss.

## I.

---

[1]     The Orders appealed are: (1) Second Order Authorizing Interim Compensation to Counsel for the Trustee entered on September 19, 2005; (2) Order Granting Motion to Approve Settlement Between Trustee and Don M. Wolfe [33] entered on September 20, 2005; (3) Order Approving Sale of Real Property Located At 6 Post Office Road, Silver Spring, Maryland 20910 [255] entered on September 20, 2005; (4) Order Denying Motion to Alter or Amend Orders Entered on September 19, 2005 [310] entered on October 18, 2005; and (5) Order Compelling Debtor to Turnover Funds to Trustee entered on October 18, 2005.

[2]     The sixth order appealed, added in Andresen's First Amended Notice of Appeal, is Order Authorizing Trustee to List Real Property for Sale as Requested in Motion [273] entered on September 22, 2005.

The Court deals first with the First Amended Notice of Appeal filed on November 7, 2005. The Order appealed from, that Authorizing Trustee to List Real Property for Sale as Requested in Motion [273], was entered on September 22, 2005. Andresen submitted a Motion to Alter or Amend the Order on September 27, 2005, which the Bankruptcy Court denied on October 18, 2005. Pursuant to Bankruptcy Rule 8002(b)(2), Andresen had ten days from the entry of the denial on October 18, 2005, to file a timely appeal. This ten day period, which would have otherwise ended on October 29, 2005, ended on October 31, 2005 because October 29, 2005, was a Saturday.[3] Andresen filed his First Amended Notice of Appeal, without leave of Court, on November 7, 2005, seven days late. He does not even bother to explain his untimeliness. The Court thus finds that appeal invalid under Bankruptcy Rules 8001(a) and 8002, and it will be DISMISSED.

## II.

While Andresen timely appealed the five Orders listed in his original Notice of Appeal, he failed to file a brief within the fifteen days of filing his Notice of Appeal as required by Bankruptcy Rule 8009. Indeed, he has yet to file his brief some *ten* months after it was originally due.

On October 28, 2005, Andresen filed his Notice of Appeal. On November 28, 2005, the appeal was docketed in this Court and the Clerk of the Bankruptcy Court sent Andresen a letter explaining that he had fifteen days from the date of the docketing, i.e. until November 28, 2005, in which to file and serve a brief in support of his appeal. That made the brief due on December 13, 2005. When Andresen failed to file a brief within that time, on February 8, 2006, over two months after the appeal had been entered on this Court's docket, this Court issued an Order directing

---

[3]

Under Bankruptcy Rule 9006(a), if the ten day period ends on a Saturday or Sunday, the period shall be extended until the end of the following qualifying day, in this case Monday October 31, 2005.

Andresen to show cause why his appeal should not be dismissed for failure to comply with the Bankruptcy Rules. While awaiting Andresen's response, on March 7, 2006, Trustee Rosen moved to dismiss the appeal for failure to file a timely brief.

In his response to the Court's Order to Show Cause and to the Motion to Dismiss, Andresen argues that the Clerk of the Bankruptcy Court erroneously forwarded an incomplete record to the Court. He suggests that Bankruptcy Rule 8007(b) requires the Clerk to docket a Notice of Appeal after the record is complete, but that the record in this case was not complete, and, therefore, his Notice of Appeal should not have been docketed. Thus, he suggests, since the Clerk erred in docketing the Notice of Appeal, no brief was actually due, certainly not by December 8, 2005.

Andresen contends that the record was incomplete when forwarded to this Court because it did not include transcripts that he had requested from the Court Reporter. In a Praecipe dated November 5, 2005, he asked the Clerk to delay forwarding the record on appeal until he could arrange for the transcripts to be prepared. He implies that he could not make such arrangements until the Court ruled on his Motion for Leave to Proceed *In Forma Pauperis*. On February 8, 2006, the Court granted Andresen's Motion for Leave to Proceed *In Forma Pauperis*. But to this day, over seven months later, Andresen has not arranged for the preparation of the transcripts. Presumably his position is that his brief is still not due in this Court.

It is an appellant's responsibility to see to it that the record is transmitted by the clerk as prescribed by the rule. Bankr. Rule 2006 ("All parties shall take any other action necessary to enable the clerk to assemble and transmit the record."). With respect to the preparation of transcripts, Bankruptcy Rule 2006 states, "If the record designated by any party includes a transcript of any proceeding or a part thereof, the party shall, immediately after filing the designation, deliver to the reporter and file with the clerk a written request for the transcript and make satisfactory

arrangements for payment of its cost."  Proper procedure is further described by Bankruptcy Rule 2007(a):

> On receipt of a request for a transcript, the reporter shall acknowledge on the request the date it was received and the date on which the reporter expects to have the transcript completed and shall transmit the request, so endorsed, to the clerk . . . .

No written request for the transcripts from Andresen appears in the record.  Whether that request was never in fact made or whether it was made but never entered into the record, Andresen nevertheless has failed in his responsibility to shepherd the appropriate documents into the record for purposes of the appeal.  The Bankruptcy Clerk did not err in docketing the Notice of Appeal and forwarding the record to the Court.  To the contrary, the Clerk faithfully executed her duty to forward the record "forthwith."  Bankr. Rule 8007(b).  If Andresen wanted to include certain transcripts in the record, he was obliged to make certain that the transcripts had been requested and docketed or that an extension of time for transmitting the record had been made and noted according to Bankruptcy Rules 8006 and 8007(a).[4]

---

[4]     In his response to the Court's Order to Show Cause why his case should not be dismissed for failure to follow the Bankruptcy Rules, Andresen says that the day after the Court granted his Motion for Leave to Proceed *In Forma Pauperis*, "he visited the Court . . . to inquire of the procedure to follow to procure copies of the necessary transcripts needed to complete the record . . . ."  He says that the Clerk of the Bankruptcy Court advised him to present her with "a copy of the Order granting the Motion [to proceed *in forma pauperis*], together with the Docket Entry in order for the transcripts to be prepared."  He further states that he was later advised (although he does not say by whom) that the transcripts "could not be prepared without a direct Order."

        The Court has inquired of the Clerk who dealt with Andresen, who states that Andresen was never instructed to seek an Order from the Court in order to obtain the transcripts. To the contrary, the Clerk says that Andresen never requested the transcripts at all.  The Court takes no position on whether Andresen ever requested or inquired into the proper manner to request the transcripts.  The unalterable fact is that he never requested the transcripts in the manner required by the Bankruptcy Rules.

III.

While the Court recognizes that dismissal for failure to file a brief is a "harsh sanction" that should not be "imposed lightly," *In re Serra Builders, Inc.*, 970 F.2d 1311 (4th Cir. 1992), the Court finds it appropriate in this case. *Broadnax v. Santoro* (*In re Broadnax*) sets out the relevant considerations:

> The district court . . . has the discretion to dismiss an appeal if the appellant fails to comply with the procedural requirements of the bankruptcy rules, including failing to meet the time limits for filing an appeal brief. To determine whether to dismiss a bankruptcy appeal for failure to timely file a brief, the district court must exercise its discretion under Bankruptcy Rule 8001(a). *In re SPR Corp.*, 45 F.3d 70, 74 (4th Cir. 1995). In applying Rule 8001(a), the district court must take one of the four steps outlined in *In re Serra Builders, Inc.*, 970 F.2d 1309 (4th Cir. 1992). Specifically, the court must: "(1) make a finding of bad faith or negligence; (2) give the appellant notice and an opportunity to explain the delay; (3) consider whether the delay had any possible prejudicial effect on the other parties; or (4) indicate that it considered the impact of the sanction and available alternatives," keeping in mind that dismissal is a "harsh sanction which the district court must not impose lightly." *Id.* at 1311. Proper application of the *Serra Builders* test requires the court to consider and balance all relevant factors. SPR Corp., 45 F.3d at 74.

122 F.App'x 81, 82 (4th Cir. 2005).

By letter dated November 28, 2005, the Clerk informed Andresen of the requirement to file a brief within fifteen days, i.e. by December 13, 2005. After he failed to file the brief, the Court's Order to Show Cause dated February 8, 2005, gave him the opportunity to explain his omission. As discussed above, Andresen's explanation pertained to exclusions from the record of certain transcripts that he had had a responsibility to prepare. While he indicated that the transcripts had not been prepared because he was waiting for the Court to rule on his Motion for Leave to Proceed *In Forma Pauperis*, now nearly eight months after that Motion was granted, Andresen has yet to request the transcripts from the Clerk in the proper manner and has yet to file a brief. As the one adversely affected by the Bankruptcy Court's orders he appeals from, it has surely been in his interest to keep the appeal stalled for all this time. The Court takes this delay either as an indication

of bad faith or, at least, of gross negligence.  Had Andresen requested a reasonable extension of time to file his brief, the Court would have granted it.  But far too much time has elapsed in this case and Andresen has been dilatory to an excess.  The Trustee meanwhile has been prejudiced in the disposition of estate assets.  No alternative sanction can fairly address Andresen's omissions.  Dismissal of his appeal is the most appropriate sanction.

IV.

Accordingly, Rosen's Motion to Dismiss for failure to file a brief in support of appeal [Paper No. 8] will be GRANTED and Andresen's appeal will be DISMISSED.

A separate Order will Issue.

_____/s/_____
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE

September 26, 2006